BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOHN C. SHIRTS, IDAHO STATE BART NO. 9295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166
FACSIMILE:  (208) 478-4175



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL S. HORSCH<br><br>　　　　Defendant. | Case No. CR-20-62-E-BLW<br><br>**INDICTMENT**<br><br>18 U.S.C. § 2<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(B)<br>21 U.S.C. § 853 |

The Grand Jury charges:

### <u>COUNT ONE</u>

**Possession with Intent to Distribute Methamphetamine**
**21 U.S.C. §§ 841(a)(1), (b)(1)(B); 18 U.S.C. § 2**

On or about February 12, 2020, in the District of Idaho, the defendant, MICHAEL S. HORSCH, did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a

**INDICTMENT** - 1

Schedule II controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

### CRIMINAL FORFEITURE ALLEGATIONS

**Drug Forfeiture**
**21 U.S.C. § 853**

Upon conviction of the offense alleged in Count One of this Indictment, the defendant, MICHAEL S. HORSCH, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

<u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

<u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the court;

**INDICTMENT - 2**

      d.      Has been substantially diminished in value; or

      e.      Has been commingled with other property which cannot be subdivided without difficulty.

A TRUE BILL

DATED: 2/25/20

/s/ [signature on reverse]

_____
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
JOHN C. SHIRTS
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT** - 3